**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
In re:                                    Case No. 20-70948-REG
                                          Chapter 7

**SHERYL STARK,**
                    Debtor.
---------------------------------------------------------------X

### CHAPTER 7 TRUSTEE'S APPLICATION TO RETAIN BK GLOBAL REAL ESTATE SERVICES AND AGNELLI NEW JERSEY RE, LLC TO PROCURE CONSENTED PUBLIC SALE PURSUANT TO 11 U.S.C. §327

Robert L. Pryor, as Chapter 7 Trustee (the "Trustee") for the estate (the "Estate") of Sheryl Stark (the "Debtor"), by and through the undersigned counsel, files this application (the "Application") seeking the entry of an order authorizing retention of BK Global Real Estate Services ("BKRES") and AGNELLI NEW JERSEY RE, LLC ("Listing Agent") under the terms set forth herein, and in the attached exhibits and respectfully represents as follows:

### JURISDICTION

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND

3. On February 12, 2020, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code 11 U.S.C §101 *et seq*.

4. The section 341 meeting of creditors was held on April 23, 2020 at which time the Trustee was duly appointed as the Chapter 7 trustee in this case.

5.      The Debtor is the sole owner of real property located at **175 BURTON LN LAWRENCE, NY 11559** (the "Property").

6.      The Debtor listed the Property in her schedules as having a value of $2,222,400.00.

7.      As evidenced by the proof of claim filed by Nationstar Mortgage, the Property is encumbered by a mortgage in an amount exceeding $2,565,839. Thus, there is no equity in the Property.

8.      The Handbook for Chapter 7 Trustees published by the Executive Office of the United States Trustee, states on pages 4 – 14 under Section 9 "Sales of Assets" (a) General Standards "A Trustee may sell assets only if the sale will result in a meaningful distribution to creditors. The Section further states "the Trustee may seek a "carve-out" from a secured creditor and sell the property at issue if the "carve-out" will result in a meaningful distribution to creditors. Further, the Section states "The Trustee must also consider whether the cost of administration or tax consequences of any sale would significantly erode or exhaust the estate's equity interest in the asset."

## RELIEF REQUESTED

A.  **Retention of BKRES**

9.      BKRES and its affiliates have proprietary technology and a national team of experienced loan servicing specialists, asset managers, negotiators, trustee relation managers, real estate brokers and agents, closing specialists and attorneys with extensive experience in procuring the consent of mortgage lenders and servicers to sell over-encumbered properties and provide significant cash recoveries to selling estates with no equity.

10.     BKRES has the expertise and experience to assist the Trustee in negotiating with the

secured creditor(s) in this case to accomplish the following:

    a. Sell the Property under 11 U.S.C. § 363(b) to whichever party the Chapter 7 Trustee determines to have made the best qualified offer with the sale approved by the Court, pursuant to 11 U.S.C. § 363;

    b. Obtain the release of the mortgage and a waiver all of its claims against the estate with respect to the Real Property (including any deficiency claims resulting from the proposed sale);

    c. Work with the secured mortgage holder to enter into an agreement for an 11 U.S.C. § 506 surcharge to pay all of the closing expenses associated with the § 363 sale, including the payment of a six percent (6%) real estate brokerage commission and reimbursement of their out-of-pocket expenses to BKRES and any associated real estate professional, paid from the proceeds of the sale.

    d. Ensure that bankruptcy estate will receive a recovery in an amount not less than $150,000.00 (or greater) upon the successful closing and funding of the consented sale transaction for the Property.

11. BKRES will assist the Chapter 7 Trustee in negotiations with the first mortgage holder to obtain the consent of the first mortgage holder to the sale of the Real Property. The secured creditor will agree to the payment of a six percent (6%) real estate commission to BKRES, and any associated real estate professional.

12. BKRES will not be entitled to any fees whatsoever from the Estate if the first mortgage holder does not grant its consent or the Court does not grant the motion to approve the sale of the Real Property.

13. In no event will the Trustee or the Estate have any obligation to pay BKRES or any associated real estate professional for their services, or to pay the customary title and closing services. The

terms of the Listing Agreement and this Application provide that BKRES or the associated real estate professional are only entitled to payment if and when (a) secured creditor grants its consent, (b) the motion to approve sale is granted and (c) the Real Property is sold, in which event BK Global or associated real estate professional will receive a six percent (6%) real estate brokerage commission and obtain reimbursement of any out-of-pocket expenses from the proceeds of the sale attributable to the secured creditor's mortgage.

14. The Trustee believes that the highest and best value for the Property will be generated through a sale in which the Property is widely marketed to the public and offered at the highest price that the market will bear. The Trustee further believes that such a sale is in the best interest of the Debtor's bankruptcy estate but can only be achieved if the secured creditor's consent is first obtained. The Chapter 7 Trustee believes that retaining BKRES and/or an associated real estate professional to obtain the secured creditor's consent is in the best interest of the Estate.

15. The Trustee submits that the terms of employment and compensation as set forth in this Application and the Listing Agreement annexed hereto as Exhibit "A" are reasonable in light of the extensive experience of BKRES and the nature of the services it provides.

16. BKRES attested that it is a disinterested person within the meaning of Section 101(14) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2014 and 2016(a). Annexed hereto as Exhibit "B" is an Affidavit of Disinterestedness of BKRES. BKRES also attests, pursuant to Bankruptcy Rule 2016, that it shall not share its fee with any individual or entity other than listing agent or a buyer's agent, if applicable.

**B.  Retention of Listing Agent**

17. In addition to the retention of BKRES, the Trustee also seeks to employ the Listing Agent to provide professional services on behalf of this bankruptcy estate for the listing and sale of the Property, in which the above-named Debtor holds an interest. The Listing Agent will be the exclusive

listing agent for the Estate for a period of 180 days and will receive a commission of two percent (2%) of the gross sale proceeds payable from funds attributable to the secured creditor's mortgage. The two percent (2%) is part of, and is paid from, the six percent (6%) of fees requested by BKRES. All fees and expenses will be presented to the Court for approval prior to payment

18. James Macchio, a member "Listing Agent" has the expertise and knowledge to assist the Chapter 7 Trustee with the listing and sale of Property.

19. Annexed hereto as Exhibit "C" is the affidavit of James Macchio in support of the retention of the Listing Agent. Based upon this affidavit the Listing Agent, its employees and members are disinterested persons, as the term is used in the Bankruptcy Code, do not hold an interest adverse to the bankruptcy estate, is not aware of any connection with the Debtor, creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the Office of the United States Trustee and understands there is a continuing duty to disclose any such adverse interest.

20. As with BKRES, the Listing Agent will not be entitled to any fees whatsoever from the Estate if the first mortgage holder does not grant its consent or the Court does not grant the motion to approve the sale of the Real Property.

21. In no event will the Trustee or the Estate have any obligation to pay the Listing Agent for its services, or to pay the customary title and closing services.

## **LEGAL AUTHORITY**

22. Section 328(a) of the Bankruptcy Code provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327...on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage or fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). Section 330 of the Bankruptcy Code permits the Court to "award to a trustee… or a professional person employed under section 327…(A) reasonable compensation for actual, necessary services rendered

[by such party]… and (B) reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

**WHEREFORE**, the Trustee respectfully requests this Application seeking the retention of BKRES and Listing Agent in this case be approved, and requests that the Court approve the compensation arrangements set forth herein, together with such other and further relief as this Court deems just and proper.

Dated: January 11, 2020
       Melville, New York

                                        GIULIANO LAW, P.C.
                                        Attorneys for the Trustee

                                        *s/Anthony F. Giuliano*
                                        Anthony F. Giuliano
                                        445 Broadhollow Road, Ste.25
                                        Melville NY, 11747
                                        (516) 792-9800
                                        afg@glpcny.com